UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY D. OGLE,

        Plaintiff,

                                                Case number 02-73200

v.                                           Honorable Julian Abele Cook, Jr.

RICK HOCKER,

        Defendant.

_____

## ORDER

On March 11, 2005, the Court granted a summary judgment in favor of the Defendant, Rick Hocker, who had been accused by the Plaintiff, Troy D. Ogle, of making false and defamatory statements about him. Shortly thereafter, Ogle filed a motion, in which he asked the Court to reconsider the decision of March 11th because it, in his opinion, contained erroneous conclusions of law. In essence, it is Ogle's position that the Court did not accurately evaluate his claims that Hocker had falsely and publicly accused him of (1) being a homosexual, and (2) making uninvited sexual overtures. The Court disagrees. A review of the challenged March 11th Order reveals that the Court thoroughly examined all of these issues and correctly concluded that Hocker was entitled to receive a summary judgment for the reasons that were set forth therein, especially when examining his motion in accordance with the prevailing and applicable Local Rules of our Court; namely, E.D. Mich. LR 7(g).[1]

---

[1] When evaluating the merit of this motion, the Court is guided the standards within our Local Rules which require a movant, such as Ogle, to "demonstrate a palpable defect by which the court and the parties have been misled [and] show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7(g)(3).

He also submits that the Court failed to consider his claims that Hocker had made other defamatory statements about him; namely, that he (1) was a "false prophet," (2) was a "heretic," (3) "preached false doctrine," and (4) was the "devil". Based upon a reading of the record, it was not clear to the Court that these claims of defamation included these statements. Nevertheless, the Court will now consider and evaluate these allegations. Under Michigan law, a claim of defamation is established with evidence of the following elements:

> (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation *per se*), or the existence of special harm caused by the publication (defamation *per quod*). *Kefgen v. Davidson*, 241 Mich. App. 611, 617 (Mich. App., 2000) (*citing Kevorkian v. American Medical Ass'n*, 237 Mich. App. 1, 8-9 (Mich. App.,1999).

A statement is false and defamatory if it lowers an individual's reputation in the community or deters third persons from associating with him. *Ireland v. Edwards*, 230 Mich App. 607, 619 (Mich. App., 1998). It is clear to the Court that these statements are defamatory to the extent that either or all of them may have lowered Ogle's reputation as an evangelist within the Church of God. However, the Supreme Court has determined that a statement must be "proven as false" in order to be actionable. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 17-20 (1990). This declaration was followed by a decision from the Michigan Supreme Court in *Ireland*, 230 Mich. App. at 619. Notwithstanding, Ogle contends that the Court improperly applied the "Not Provable as False Doctrine" to a private-figure plaintiff. In a footnote, the *Ireland* court opined that this rule in *Milkovich* is to applied in those situations where the plaintiff is a public figure or where the defendant is part of the media. *Ireland*, 230 Mich. App. at 616 n7. The Court does not interpret this footnote to limit the rule to public figure plaintiffs or media defendants. Based upon a reading

of the record in this cause and of the applicable law, the Court finds that an application of the "Not Provable as False Doctrine" to the facts of this case was appropriate.

Statements which declare one to be "false prophet", "heretic", the "devil", or a "preach[er of] false doctrine" cannot be proven as false. It is the view of this Court that these terms cannot be construed as having a universal meaning as it is applied to Ogle. Whether Ogle satisfies any of these appellations is subject to individual interpretation. Thus, these statements are not actionable. Notwithstanding the conclusion of the Court on the actionability of Hocker's statements, Ogle has failed to meet the fourth element of a defamation cause of action.

The last element of a defamation claim under *Kefgen* requires "either actionability of the statement irrespective of special harm (defamation *per se*), or the existence of special harm caused by the publication (defamation *per quod*)." *Kefgen* at 617. Ogle argues that these statements by Hocker constitute defamation *per se*. Under Michigan law, those words, which impute a lack of chastity, are defamatory per se. Mich. Comp. Laws. 600.2911(1). However, Hocker's contentions that Ogle "manifest[s] issues of homosexuality" or was a "false prophet", "heretic", the "devil", or a "preach[er of] false doctrine" cannot be construed to impute a lack of chastity. Therefore, Hocker's statements were not defamatory *per se*. Since Ogle did not provide any evidence to the support the existence of any special harm that was sustained by him as a result of Hocker's publication, this element has not been satisfied and his claims were properly disregarded by the Court.

In summary, the Court undertook a review of (1) the pleadings that had been submitted by the parties during the course of this litigation, (2) the positions that were advanced by each of them during the hearing on the summary judgment issue, and (3) the text of the motion which challenges

the decision of March 11th. As a result, the Court concludes that Ogle has failed to satisfy the standards of our Local Rule, to which reference has been made above.

Accordingly, "Plaintiff's Motion for Reconsideration of Order Granting Defendant's Motion for Summary Judgment" is denied.

IT IS SO ORDERED.


DATED:   June 1, 2005                         s/ Julian Abele Cook, Jr.
         Detroit, Michigan                    JULIAN ABELE COOK, JR.
                                              United States District Judge


Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on June 1, 2005.

                                              s/ Kay Alford
                                              Courtroom Deputy Clerk